UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>STEPHANIE VALLEY, et al.<br><br>  Defendants. | Case No.: 1:13-cv-00533 - JLT (PC)<br><br>ORDER DISMISSING THE MATTER WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED<br><br>(Doc. 1) |

   Plaintiff Archie Cranford ("Plaintiff") is a civil detainee[1] proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this matter on April 15, 2013. (Doc. 1). Plaintiff consented to the jurisdiction of the Magistrate Judge on April 29, 2013. (Doc. 5).

   The Court now **screens** the complaint pursuant to 28 U.S.C. § 1915A, and for the reasons set forth below, **DISMISSES** the matter.

///

///

///

---

[1] Plaintiff does not specifically state that he is a civil detainee. Given that in Case Numbers 1:07-cv-01812-JLT and 1:11-cv-011990-GBS, matters previously brought by Plaintiff before the Court, Plaintiff stated that he was a civil detainee, the Court presumes that Plaintiff's status as a civil detainee remains unchanged.

1

## I. SCREENING REQUIREMENT

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal

quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## III. COMPLAINT

### A. Fed. R. Civ. P. 11

As a preliminary matter, Plaintiff indicates he has presented only one other lawsuit to the Court as a civil detainee. (Doc. 1 at 1). However, as recently as September 7, 2012, the Court sanctioned Plaintiff pursuant to Fed. R. Civ. P. 11(b)(3) for "falsely [stating] in his complaint that he has only had one (1) previous or pending lawsuit in addition to the instant case." Cranford v. Ahlin, et al., 1:11-cv-01199-GBC, Doc. 6 at 7-9, Sept. 7, 2012. At that time, the Court noted that Plaintiff had filed over 13 lawsuits with the Court as a civil detainee and had been filing frivolous claims since the 1990s. Id. at 8 n. 1. Since that time, Plaintiff has filed two other cases, Cranford v. Medina, Case No. 1:13-cv-003210 GSA and Cranford v. Perryman, Case No. 1:13-cv-00581 MJS, in addition to the instant matter. Plaintiff is admonished that he is **obligated** to be truthful in his representations to the Court.[2]

### B. The complaint

In the current matter, Plaintiff names Defendant Valley, a PT/Unit shift lead at Coalinga State Hospital ("CSH"), as the sole defendant in this matter. Id. at 1-2. Plaintiff states his complaint as follows:

---

[2] While the Court is again inclined to impose Fed. R. Civ. P. 11 sanctions, it declines to do so at this early juncture because the matter is dismissed with prejudice on other grounds.

3

Plaintiff is a civil detainee residing at CSH located in Coalinga, California. (Doc. 1 at 1). CSH appears to provide a "patients' [sic] rights phone" so that they may report civil rights violations to the California Office of Patients' Rights ("OPR"). Id. at 3.  This enables the OPR to resolve a patient's complaint by the following business day. Id.

On an undisclosed date, Defendant Valley submerged the patients' rights phone into a basin of water. (Doc. 1 at 3)  The telephone remained submerged for about five minutes. Id.  Defendant Valley then removed the telephone from the water so it could dry. Id.  The phone was broken for two months. Id. As a result, the phone was damaged and Plaintiff had to submit his complaints in writing. Id.

Plaintiff contends Valley took this action to prevent patients from being able to report an immediate violation and receive 24-hour response. (Doc. 1 at 3)  Plaintiff contends he had to wait "well over two" months before the phone was repaired and he could, once again, call-in his complaints. Id.

## IV.   DISCUSSION AND ANALYSIS

### A. Plaintiff must show "actual injury" to sustain a First Amendment claim of denial of access to the Courts.

Plaintiff's allegation that he was denied access to the courts when Defendant submerged Plaintiff's telephone in water, implicates his First Amendment right of access to the courts. (Doc. 1 at 3). While the First Amendment protects a civil detainee's right of access to the courts,[3] the First Amendment protects only the right to pursue direct criminal appeals, habeas corpus petitions, and civil rights actions. See Lewis v. Casey, 518 U.S. 343, 346, 354 (1996); MacLean v. Solano County Jail, Case 2:12-cv-2051-CMK, 2012 WL 4801370, at *2 (E.D. Cal. 2012).  Plaintiff must demonstrate the deprivation resulted in actual injury. Nev. Dep't of Corr., 648 F.3d 1014, 1018 (9th Cir. 2011).  To prove actual injury, a civil detainee must demonstrate he sustained "actual prejudice" to "contemplated or existing [nonfrivolous] litigation, such as the inability to meet a filing deadline or to present a claim." Nev. Dep't of Corr., 648 F.3d at 1018)(internal quotations and citations omitted); *see also*

---

[3] Courts apply the same legal standard applied to prisoners' and civil detainees' First Amendment claims of denial of access to the Courts. *Compare* Lewis v. Casey, 518 U.S. 343, 351 (1996) *with* Halbert v. Herbert, C 03-0237 JF (PR), 2008 WL 4460213 (N.D. Cal. Sept. 30, 2008).

4

Halbert v. Herbert, Case No. C 03-0237 JF (PR), 2008 WL 4460213, at * 5 (N.D. Cal. 2008) (limitations on phone access failed to establish actual injury where other means of communication were available). The failure to establish an "actual injury" is fatal to the Court's jurisdiction over a matter and cannot be waived. See Nev. Dep't of Corr., 648 F.3d at 1018.

Plaintiff fails to show any actual injury. Nowhere does Plaintiff indicate he sought use of the telephone to further any contemplated or existing litigation. (Doc. 3). Furthermore, he admits that he was able to submit any contemplated complaint using CSH's written complaint system. Id. The failure to indicate that he was pursuing any actual, let alone a non-frivolous, claim is incurable to his complaint.[4] Halbert 2008 WL at * 5. Thus, the Court is without jurisdiction to consider Plaintiff's First Amendment claim. Nev. Dep't of Corr., 648 F.3d at 1018.

Moreover, Plaintiff suffered no deprivation of his constitutional rights as required by 42 U.S.C. § 1983.[5] The Court may, and presently does, disregard Plaintiff's factual allegations that are contradicted by exhibits attached to the complaint. Cooper v. Yates, Case Number 1:09-CV-85-AWI-MJS P, 2010 WL 4924748, at * 3 (E.D. Cal. Nov. 29, 2010). Plaintiff alleges that he was deprived of telephone use for two months and had to submit his complaints in writing. (Doc. 1 at 4).[6] However, CSH staff was available to call or email the OPR directly on Plaintiff's behalf.

Plaintiff's allegation that the broken telephone delayed the administrative grievance process does not state a First Amendment claim. To the extent that Plaintiff alleges prison officials ignored his administrative grievances, he is advised that it is well-established that detainees "lack a separate constitutional entitlement to a specific [hospital] grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). When an official

---

[4] Notably, during the period when the phone was broken, Plaintiff filed a habeas corpus petition entitled, Cranford v. Medina, Case No. 1:13-cv-00459 SAB, filed on March 29, 2013.

[5] Plaintiff is a well-seasoned litigator. The Court has **continually advised** Plaintiff of the 42 U.S.C. § 1983 threshold requirement that a constitutional deprivation must be demonstrated. See e.g., Cranford v. Ahlin et al., 1:11-cv-01199-GBC, Doc. 6 at 2, Sept. 7, 2012 ("For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant.") and Cranford v. Estrellado et al., 1:07-cv-01829-OWW-MJS, Doc. 6 at 2-3, July 15, 2008 ("There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation."). With the extensive knowledge gained from his twenty-plus years of litigation, it is apparent that Plaintiff knows his complaint is frivolous but, for unknown reasons, have chosen to pursue the matter in any event.

[6] Plaintiff complained in writing about the broken telephone on February 20, 2013, to the OPR. (Doc. 1 at 4). It appears that the telephone was fixed prior to April 9, 2013. Id. Plaintiff filed his complaint on April 15, 2013.

denies, screens-out, or ignores a grievance, the official does not deprive the detainee of any constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that officials denied or ignored his grievances failed to state a cognizable claim); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that officials failed to timely process his grievances failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that officials screened-out his grievances without any basis failed to show a deprivation of federal rights).

The Court finds Plaintiff's claim to be frivolous and without merit. Thus, any amendment to the complaint would be futile. Therefore, the Complaint is **DISMISSED with prejudice** for failure to state a claim on which relief can be granted.

**ORDER**

Accordingly, and for the foregoing reasons, the Court **HEREBY ORDERS** that:

1. The complaint is **DISMISSED with prejudice** for failure to state a claim on which relief can be granted; and
2. The Clerk of the Court is **DIRECTED** to close this matter.

IT IS SO ORDERED.

Dated:  **May 7, 2013**           /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE